**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Respondent, ) | Criminal No. 2:15-386-RMG |
| ) | |
| v. ) | |
| ) | |
| Charles Eloys Johnson, ) | |
| ) | **ORDER** |
| Petitioner/ Defendant. ) | |
| ) | |
| ) | |

This matter comes before the Court on Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 287). The Government has filed a motion to dismiss and Petitioner has filed a response in opposition. (Dkt. Nos. 305, 315). For the reasons set forth below, the motion to dismiss is granted.

**Background**

Defendant and two co-defendants were indicted on June 10, 2015 on five counts related to daylight robberies of jewelry stores in downtown Columbia and Charleston, South Carolina on February 19, 2015 and March 4, 2015. In a thoroughly planned scheme, a team of masked men entered the jewelry stores with a sledgehammer and firearms. They terrorized the jewelry store employees with brandished firearms and smashed jewelry cases holding Rolex watches. The robberies were executed in a few minutes with a getaway car waiting outside. The stolen jewelry was never recovered.

The Government alleged Defendant was the mastermind of these criminal actions and had flown from Los Angeles to Atlanta, where he met up with his co-defendants to drive to South

1

Carolina to commit the robberies. Defendant was indicted for Conspiracy to Commit Robbery Affecting Interstate Commerce, two counts of Robbery Affecting Interstate Commerce (Hobbs Act Robbery), and two counts of Possession of a Firearm in Furtherance of a Crime of Violence pursuant to 18 U.S.C. § 924(c). (Dkt. No. 1). After a multi-day trial, the jury convicted Defendant on June 21, 2016 of all five counts. (Dkt. No. 87). The Court's jury charge included a charge of *Pinkerton* liability, which provides a defendant is liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy. *United States v. Blackman*, 746 F.3d 137, 141 (4th Cir. 2014).

Defendant's presentence report calculated his total offense level at 32 and his criminal history at VI. (Dkt. Nos. 153, 153-2). Defendant's sentencing guidelines were severe: 210- 262 months on the Conspiracy to Commit Robbery Affecting Interstate Commerce and two counts of Hobbs Act robbery; 84 months consecutive mandatory on the first count of Use of a Firearm in Furtherance of a Crime of Violence with brandishing; and 300 months consecutive mandatory on the second count of Use of a Firearm in Furtherance of a Crime of Violence. The total guideline range was 594-646 months. (Dkt. No. 153-2 at 1). The Court sentenced Defendant on April 12, 2017 to 384 months and one day. The Court viewed the guidelines as calculated, while accurate, to be excessive and varied downward over 17 years. The sentence imposed the mandatory minimum sentences of 84 months and 300 months on the gun counts and 1 day on the three robbery related counts. (Dkt. No. 154).

Over three years after Defendant was tried and convicted, and while his appeal was pending before the Fourth Circuit Court of Appeals, the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019) struck the residual clause of § 924(c) as unconstitutionally vague.

That same year the Fourth Circuit held that conspiracy to commit Hobbs Act robbery did not constitute a crime of violence. *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).

Defendant argued on his direct appeal that his 924(c) convictions were legally defective because one of his counts of conviction, the conspiracy to committee Hobbs Act robbery, was not a crime of violence and the residual clause of § 924(c) was void as unconstitutionally vague under *Davis*. The Fourth Circuit affirmed Defendant's conviction and sentence, finding that while the conspiracy count under which Defendant was convicted was not a crime of violence, Defendant's conviction for Hobbs Act robbery under *Pinkerton* liability was a crime of violence. The Fourth Circuit ruled that Defendant could not demonstrate that his substantive rights had been violated because Hobbs Act robbery was a valid § 924(c) predicate. *United States v. Johnson*, 827 Fed. Appx. 283, 285-86 (4th Cir. 2020). The United States Supreme Court denied *certiorari*. *Johnson v. United States*, 141 S. Ct. 1704 (2021).

Defendant sought post conviction relief initially based on compassionate relief, arguing that the use of "stacked" 924(c) convictions and the prospective change in the law since his sentencing constituted "extraordinary and compelling reasons" for compassionate release. (Dkt. Nos. 230, 254). The Court denied Defendant's application for compassionate relief, noting that with the variance of over 17 years from the guidelines, Defendant's present guidelines (356-403 months) would fall into the range of the Defendant's sentence. (Dkt. No. 264 at 8). The Court's order denying compassionate relief was affirmed by the Fourth Circuit on June 3, 2022. (Dkt. No. 295).

Now before the Court is a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, which essentially reargues the legal issues raised and rejected in his direct appeal to the Fourth Circuit. (Dkt. No. 287). The Government moved to dismiss the habeas petition on the basis

3

that the claims were barred because the claims asserted were raised or could have been raised on his direct appeal. (Dkt. No. 305). Defendant filed a response in opposition. (Dkt. No. 315). The motion to dismiss is now ripe for review.

**Discussion**

A party may not relitigate "a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion." *United States v. Linder*, 552 F.3d 391, 391 (4th Cir. 2009). It is also well settled that where a petitioner fails to raise an issue he could have raised on direct appeal, he is procedurally defaulted on that issue and may raise a collateral attack on the conviction and/or sentence "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1988) (internal citations omitted). To show cause for a procedural default, the petitioner must demonstrate that some objective factor external to the record impeded his counsel's efforts to raise the claim. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

A review of the issues raised in Defendant's § 2255 petition appears essentially the same as those issues raised in his direct appeal. To the extent there is any new claim raised, which is not apparent to the Court, it would be procedurally barred because Defendant has failed to assert cause or actual prejudice in failing to assert the issue on direct appeal or that he is actually innocent.

**Certificate of Appealability**

The governing law provides:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of constitutional right.
> (c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].") A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Defendant's grounds for relief were already raised on direct appeal and are otherwise procedurally barred and that no exception applies. Therefore, a Certificate of Appealability is denied.

## Conclusion

Based on the foregoing, the Court grants the Government's motion to dismiss Defendant's 2255 petition (Dkt. No. 305) with prejudice.

AND IT IS SO ORDERED.

s/Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

December 13, 2022  
Charleston, South Carolina