2:15-cr-00386-RMG    Date Filed 06/10/26    Entry Number 411    Page 1 of 5

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| United States of America, | Case No. 2:15-386-RMG |
| v. | |
| Charles Eloys Johnson, | **ORDER** |
| Petitioner. | |

This matter is before the Court on the Government's motion to dismiss Petitioner's habeas petition brought pursuant to 28 U.S.C. § 2255 because it is a second and successive petition and Petitioner did not obtain the authorization of the Fourth Circuit Court of Appeals to bring a second and successive habeas petition. (Dkt. No. 407). Petitioner has filed a response in opposition to the Government's motion to dismiss. (Dkt. No. 409). The motion is fully briefed and is ripe for disposition.

## I.    Background

Defendant and two co-defendants were indicted by a federal grand jury on June 10, 2015, on five counts related to daylight robberies of jewelry stores in Columbia and Charleston, South Carolina. The Government alleged that Petitioner was the mastermind of these robberies and had flown in from Los Angeles to commit these robberies. After a multi-day trial, the jury convicted Defendant on June 21, 2016, of all five counts. The Fourth Circuit subsequently affirmed Defendant's conviction and sentence. (Dkt. No. 226).

Petitioner thereafter filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 287). The Government filed a motion to dismiss the petition, which the Court granted

1

on the merits with prejudice by order dated December 13, 2022. (Dkt. No. 317). Petitioner also filed three motions for compassionate release, all of which the Court denied. (Dkt. Nos. 264, 338, 384).

Petitioner filed his second motion under 28 U.S.C. § 2255 on December 29, 2025, contending that it was based on "newly discovered evidence." (Dkt. No. 396 at 4). Defendant asserted that he has "recently been made aware" that his indictment allegedly did not include one of his counts of conviction, a robbery in Columbia, South Carolina. (*Id*.).[1]

The Government moved to dismiss this habeas petition on April 29, 2026, on the basis that it was a second and successive petition and that Petitioner did not obtain prior authorization to file the petition from the Fourth Circuit Court of Appeals. (Dkt. No. 407). The Government asserted that under these circumstances this Court does not have jurisdiction over this second and successive petition.

Petitioner submitted his response to the Government's motion to dismiss on May 12, 2026, arguing that the civil docket available to him on Pacer did not itemize all docket entries and, consequently, he was uncertain whether the Court's prior order dismissing his first § 2255 petition was on the merits. (Dkt. No. 409 at 2). Further, he argued that his allegedly newly discovered evidence was "unavailable or unripe" at the time of his prior petition. (*Id*.). Petitioner further requested that if it was necessary to first obtain authorization for a second and successive petition

---

[1] In fact, Petitioner's indictment charges at Count Two Robbery Affecting Interstate Commerce at Sylvan Jewelers, located at 1500 Main Street, Columbia, South Carolina. (Dkt. No. 2 at 1, 3). Defendant was convicted of this and all other counts.

from the Fourth Circuit, that the Court transfer the case to the Fourth Circuit rather than dismiss it. (*Id*. at 4).

## II.    Legal Standard

The Court liberally construes pleadings submitted by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The requirement for liberal construction does not mean that the Court can ignore a clear failure in pleadings to allege facts to support a viable federal claim.

## III.    Discussion

A threshold matter the Court must address in every proceeding is whether it has jurisdiction over the claim. It is well settled that a district court has jurisdiction over one habeas petition challenging a petitioner's conviction. After that, any second and successive petition must be authorized by the court of appeals. 28 U.S.C. § 2244(b)(3). To be considered successive, the second or subsequent petition must be an attack on the same conviction addressed in the first petition, and the first petition must have been adjudicated on the merits.

Petitioner's most recent habeas petition is plainly a second and successive petition and the Court's prior order addressed the matter on the merits. Consequently, the Court has no jurisdiction over this matter unless the Fourth Circuit authorizes a second and successive § 2255 petition.

Petitioner also makes a passing reference in his new petition that the factual predicate for this new petition was not available at the time of his original § 2255 petition. This is based on a limited exception of the bar to second and successive petitions where the claim was "factually unripe" at the time of the first habeas petition. *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998). Petitioner's newest claim is based on an alleged defect in his indictment, which was the very first entry on the docket and has

been available to Petitioner since the beginning of the case. To the extent there were any merit to Petitioner's claim that the indictment did not reference the Columbia robbery—which is plainly incorrect—this factual predicate was ripe from the onset of the case.

Petitioner further requests, alternatively, that the Court "transfer" his § 2255 petition to the Fourth Circuit, presumably to obtain authorization to file a second and successive petition. The Court cannot do this, however, because it has no jurisdiction over this matter. If Petitioner seeks authorization to file a second and successive petition, he must submit his request directly to the Fourth Circuit Court of Appeals.

### Conclusion

For the reasons set forth above, the Court **GRANTS** the Government's motion to dismiss (Dkt. No. 407) because Petitioner's petition is a second and successive petition and he has not obtained the authorization of the Fourth Circuit Court of Appeals to file a second and successive petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability ... shall indicate which specific issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d

4

676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

    **AND IT IS SO ORDERED.**

 s/ Richard Mark Gergel    
Richard Mark Gergel
United States District Judge

June 10, 2026
Charleston, South Carolina